IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AUGUSTIN F GRANADO JR.,

    Plaintiff,

v.                                                                                                             No. 23-cv-0176 JCH-KK

FNU GREY, *et al*,

    Defendants.

**ORDER RETURNING VOLUMINOUS FILINGS**

        This matter is before the Court following Plaintiff's attempt to file a large box filled with *pro se* filings in his prisoner civil rights action. Plaintiff is incarcerated in the Maury Correctional Institution in North Carolina. He filed a Complaint on February 28, 2023, which names prison officials in North Carolina and New Mexico. *See* Doc. 1-1. The Complaint cites various federal causes of action; however, parts of the Complaint are illegible, and the factual basis for Plaintiff's suit is unclear. The Complaint is subject to *sua sponte* review under the Prison Litigation Reform Act (PLRA). *See* 28 U.S.C. § 1915A (inmate complaints against government officials must be reviewed and dismissed if the complaint is frivolous, malicious, or fail to state a cognizable claim).

        The Clerk's Office received the box at issue, which is taller than a bankers' box, on May 22, 2023. The box appears to include all of Plaintiff's medical records to support an allegation that he is not receiving care in North Carolina. Plaintiff also includes a motion seeking emergency care and/or protection. The motion is at least 111 pages, and it is difficult to tell whether Plaintiff intended for the motion to be filed as a discrete document, *i.e.,* without the other attachments. It appears Plaintiff may have mailed the box and 111-page motion to this Court and to the United

States District Court for the Eastern District of North Carolina, where he is prosecuting another case.

Scanning, filing, and reviewing the submissions received on May 22, 2023 would impose a significant burden on the Court and its staff.  *See McNamara v. Brauchler,* 570 Fed. App'x 741, 743 (10th Cir. 2014) ("It is not the role of either the court or the defendant to sort through a lengthy … complaint and voluminous exhibits in order to construct plaintiff's causes of action.").  The Court will therefore direct the Clerk's Office to return those submissions unfiled.  In lieu of the voluminous submissions, Plaintiff may file a single, amended motion for pre-screening/emergency relief.  That motion must be filed within thirty (30) days of entry of this Order and should not exceed 27 double-spaced pages.  Plaintiff is reminded that the North Carolina Federal Court has jurisdiction over the prison officials in that state.  He does not need to submit courtesy copies of documents filed in North Carolina.  Plaintiff is further reminded that he is not generally required to submit documentary evidence where, as here, the Complaint is subject to *pro se* screening.  *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (noting the Court's initial function "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.").  Once Plaintiff files his motion for pre-screening/emergency relief, the Court will assess whether the claims survive review and/or whether further amendments are necessary.

**IT IS ORDERED** that the Clerk's Office shall **RETURN** all submissions received from Plaintiff on May 22, 2023, including the large box of documents and a 111-page motion, without filing those submissions on the record.

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Plaintiff may file a single, amended motion for pre-screening/emergency relief that does not exceed 27 double-spaced pages.

_____
SENIOR UNITED STATES DISTRICT JUDGE