IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AUGUSTIN F. GRANADO, *Jr.*,

    Plaintiffs,

v.   No. 23-cv-00176 JCH-KK

FNU GREY, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Augustin Granado's failure to comply with Fed. R. Civ. P. 8(a) as directed. Granado is incarcerated and proceeding *pro se*. He initiated this case by filing a 271-page complaint, most of which appears in narrative form. *See* Doc. 1. The original Complaint cites various federal causes of action without identifying a clear factual basis for the claims. After filing the original Complaint, Granado submitted over 30 supplemental motions, notices, appendices, and memoranda. *See* Docs. 2-20; 22-33; and 36-37. The supplemental filings include hundreds of additional pages and allegations regarding Granado's claims. Granado also attempted to file a banker's box containing medical records and exhibits, but the Clerk's Office returned the box to him pursuant to the Court's instructions. *See* Doc. 21.

By a Memorandum Opinion and Order entered August 14, 2023, the Court declined to consider Granado's original Complaint or the various supplements, appendices, and motions. *See* Doc. 39 (Initial Screening Ruling). The ruling explained that "[i]t is not the role of … the court … to sort through a lengthy … complaint and voluminous exhibits … to construct plaintiff's causes of action." *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (citations omitted). *See also Pola v. Utah,* 2012 WL 292272, * 1 (10th Cir. Feb. 1, 2012) (rejecting complaint that

"included everything but the kitchen sink"); *Baker v. City of Loveland,* 2017 WL 1485006, * 1 (10th Cir. April 26, 2017) (complaint is inadequate if it "lacks clarity about what each defendant allegedly did to incur liability"). Granado was directed to file a <u>single</u> amended complaint that does not exceed 40 pages in length on the Court's official 42 U.S.C. § 1983 form. *See* Doc. 39 at 2 (emphasis in original). Granado was also invited to file a single motion for injunctive/emergency relief that does not exceed 27 pages in length, if he seeks such relief.

The Initial Screening Ruling contains instructions on how to comply with Rule 8. Granado was advised that his amended complaint must contain a short and plain statement demonstrating the grounds for relief. He was further advised that the amendment must "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Granado was finally reminded "that a motion can only explain why preliminary relief is necessary; it cannot amplify the claims and allegations in a complaint." Doc. 39 at 2. The Initial Screening Ruling warned that the failure to comply with these instructions may result in the dismissal of this action without further notice.

Granado did not comply with the Initial Screening Ruling. Like the original filings, the Amended Complaint (Doc. 41) purports to describe numerous, unrelated instances of wrongdoing at multiple prisons over multiple decades. The discernable wrongdoing appears to involve, inter alia, medical neglect, property limitations, physical fights, religious limitations, prison transfers, and prison disciplinary proceedings, but it is difficult to tell where one claim ends and another begins. Some pages are marked with a large "X," which makes it difficult to discern whether the allegations on those pages should be considered. *See, e.g.,* Doc. 41 at 27. Elsewhere, Granado

complains about the Court's refusal to consider his banker box of documents but admits that his Amended Complaint is a "kitchen sink pleading." *Id.* at 21 (admitting the Amended Complaint "is the kitchen sink, but it's the truth of the hell I've been exposed to").

In addition to the Amended Complaint, Granado filed motions after entry of the Initial Screening Ruling that seek the appointment of a special master; the appointment of counsel; a hearing; and the issuance of notice for class claimants. *See* Docs. 42, 44-46. The first two motions ostensibly address procedural matters, but they each contain over 20 pages of additional allegations and claims. The Motion to Appoint Special Master (Doc. 42), for example, includes more details about Granado's incarceration dating back to 1998. It again asserts his right to file a "kitchen sink" pleading and notes: "Plaintiff is entitled to appropriate relief and states these claims" under a criminal rule. *See* Doc. 42 at 8-9, 16. The Motion to Appoint Special Master also includes a detailed list of what tests/equipment Plaintiff seeks in connection with his claims for deliberate indifference to medical care. *See* Doc. 19-22. The Motion to Appoint Counsel (Doc. 44) includes additional facts about Plaintiff's medical care in different prisons and hospitals as well as the disciplinary system in North Carolina.

Having carefully reviewed the record, the Court finds Granado's recent filings fail to comply with the Initial Screening Ruling or Rule 8(a). The Amended Complaint (Doc. 41) functions as a classic shotgun filing, canvassing every aspect of prison life over a span of many years. *See Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."). The Amended Complaint also fails to comply with the Court's directive to describe who did what to whom. Granado sets forth a list of defendants and sometimes mentions other individuals in the

3

body of the Amended Complaint, but it is not clear how each defendant was involved in the wrongdoing.  In addition, Granado' claims are not confined to a single pleading, and striking extraneous submissions would not cure the defect because his legal theories/facts are intermingled with arguments regarding the appointment of counsel or a special master.

For all of these reasons, the Court will dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the Initial Screening Ruling and alternatively, for failure to comply with Rule 8(a).  Dismissals under Rule 41 and Rule 8 may be entered with or without prejudice.  *See Fontana v. Pearson*, 772 Fed. App'x 728, 729 (10th Cir. 2019) ("If the complainant fails to comply with Rule 8, a court may dismiss an action with or without prejudice."); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) (addressing Rule 41 dismissals).  Because the claims remain unclear, the Court will enter the dismissal without prejudice.  The Court will also deny all pending motions as moot, including the motions cited above (Docs. 42, 44, 45, and 46) and Granado's pending motion to proceed *in forma pauperis* (Doc. 27).

**IT IS ORDERED** that Plaintiff Augustin Granado's Amended Prisoner Civil Rights Complaint (**Doc. 41**) is **DISMISSED without prejudice** pursuant to Rule 41 and alternatively, pursuant to Rule 8(a).

**IT IS FURTHER ORDERED** that Granado's Motions to Proceed *In Forma Pauperis* (**Doc. 27**); to Appoint a Special Master (**Doc. 42**); to Appoint Counsel (**Doc. 44**); for a Hearing (**Doc. 45**); and Requesting Notice to Class of Claimants (**Doc. 46**) are **DENIED as moot**.

_____
SENIOR UNITED STATES DISTRICT JUDGE