IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AUGUSTIN F. GRANADO, *Jr.*,

    Plaintiff,

v.                                                                                                              No. 23-cv-0176 JCH-KK

FNU GREY, *et al*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Augustin F. Granado Jr.'s post-judgment Motion for Relief Based on Fed. R. Civ. P. 60(b) and Excusable Neglect (Doc. 49) (Motion to Reconsider). Also before the Court is his Motion to Appoint Counsel (Doc. 50). Granado is a state prisoner and is proceeding *pro se*. He seeks to set aside the ruling dismissing this case without prejudice for failure to comply with Fed. R. Civ. P. 8(a) and a prior Order. For the reasons below, the Court declines to grant post-judgment relief, but Granado may file a new case.

**BACKGROUND**

Granado initiated this case by filing a 271-page complaint, most of which appears in narrative form. *See* Doc. 1. The original Complaint cites various federal causes of action without identifying a clear factual basis for the claims. After filing the original Complaint, Granado submitted over 30 supplemental motions, notices, appendices, and memoranda. *See* Docs. 2-20; 22-33; and 36-37. The supplemental filings include hundreds of additional pages and allegations regarding Granado's claims, which appear to relate to his conditions of confinement and/or medical issues. Granado also attempted to file a banker's box containing medical records and exhibits, but

the Clerk's Office returned the box to him pursuant to the Court's instructions. *See* Doc. 21.

By a Memorandum Opinion and Order entered August 14, 2023, the Court declined to consider Granado's original Complaint or the various supplements, appendices, and motions. *See* Doc. 39 (Initial Screening Ruling). The ruling explained that "[i]t is not the role of … the court … to sort through a lengthy … complaint and voluminous exhibits … to construct plaintiff's causes of action." *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (citations omitted). *See also Pola v. Utah,* 2012 WL 292272, * 1 (10th Cir. Feb. 1, 2012) (rejecting complaint that "included everything but the kitchen sink"); *Baker v. City of Loveland,* 2017 WL 1485006, * 1 (10th Cir. April 26, 2017) (complaint is inadequate if it "lacks clarity about what each defendant allegedly did to incur liability"). Granado was directed to file a <u>single</u> amended complaint that does not exceed 40 pages in length on the Court's official 42 U.S.C. § 1983 form. *See* Doc. 39 at 2 (emphasis in original). The Clerk's Office mailed him a blank § 1983 form to assist with the amendment. Granado was also invited to file a single motion for injunctive/emergency relief that does not exceed 27 pages in length, if he seeks such relief.

The Initial Screening Ruling contains instructions on how to comply with Rule 8. Granado was advised that his amended complaint must contain a short and plain statement demonstrating the grounds for relief. He was further advised that the amendment must "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Granado was finally reminded "that a motion can only explain why preliminary relief is necessary; it cannot amplify the claims and allegations in a complaint." Doc. 39 at 2. The Initial Screening Ruling warned that the failure to comply with these instructions may

result in the dismissal of this action without further notice.

Granado did not comply with the Initial Screening Ruling. First, he filed an Amended Complaint (Doc. 41) that purports to describe numerous, unrelated instances of wrongdoing at multiple prisons over multiple decades. The discernable wrongdoing appears to involve, inter alia, medical neglect, property limitations, physical fights, religious limitations, prison transfers, and prison disciplinary proceedings, but it is difficult to tell where one claim ends and another begins. Some pages are marked with a large "X," which makes it difficult to discern whether the allegations on those pages should be considered. *See, e.g.,* Doc. 41 at 27. Elsewhere, Granado complains about the Court's refusal to consider his banker box of documents and admits that his Amended Complaint is a "kitchen sink pleading." *Id.* at 21 (admitting the Amended Complaint "is the kitchen sink, but it's the truth of the hell I've been exposed to").

After submitting the Amended Complaint, Granado filed motions that seek the appointment of a special master; the appointment of counsel; a hearing; and the issuance of notice for class claimants. *See* Docs. 42, 44-46. The first two motions ostensibly address procedural matters, but they each contain over 20 pages of additional allegations and claims. The Motion to Appoint Special Master (Doc. 42), for example, includes more details about Granado's incarceration dating back to 1998. It again asserts his right to file a "kitchen sink" pleading and notes: "Plaintiff is entitled to appropriate relief and states these claims" under federal rules. *See* Doc. 42 at 8-9, 16. The Motion to Appoint Special Master also includes a detailed list of what medical tests/equipment Granado seeks in prison. *See* Doc. 19-22. The Motion to Appoint Counsel (Doc. 44) includes additional facts about Granado's medical care in different prisons and hospitals as well as the disciplinary system in North Carolina.

3

By a second Memorandum Opinion and Order entered February 13, 2024, the Court concluded Granado's amended filings fail to comply with the Initial Screening Ruling or Rule 8(a). *See* Doc. 47 (Dismissal Ruling). As explained in the Dismissal Ruling, the Amended Complaint (Doc. 41) functions as a classic shotgun filing, canvassing every aspect of prison life over a span of many years. *See Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."). The Amended Complaint also fails to comply with the Court's directive to describe who did what to whom. Granado sets forth a list of defendants and sometimes mentions other individuals in the body of the Amended Complaint, but it is not clear how each defendant was involved in the wrongdoing. The Dismissal Ruling further explains that Granado' claims are not confined to a single pleading, and striking extraneous submissions would not cure the defect because his legal theories/facts are intermingled with arguments regarding the appointment of counsel or a special master.

For all of these reasons, the Court dismissed the Amended Complaint and the supplemental motions/pleadings (Docs. 44-46) without prejudice. The Dismissal Ruling was entered pursuant to Fed. R. Civ. P. 41(b) based on Granado's failure to comply with the Initial Screening Ruling and alternatively, pursuant to Rule 8(a) for failure to set out a short and plain statement of the grounds for relief. *See Fontana v. Pearson*, 772 Fed. App'x 728, 729 (10th Cir. 2019) ("If the complainant fails to comply with Rule 8, a court may dismiss an action with or without prejudice."); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) (addressing Rule 41 dismissals). The Court entered Final Judgment along with the Dismissal Order on February 13, 2024.

Granado filed his Motion to Reconsider on March 29, 2024, more than 28 days after entry

of the Final Judgment. *See* Doc. 49. The Motion to Reconsider does not satisfy the prison mailbox rule - based on the lack of detail and Granado's note on the envelope reflecting that "legal mail" was sent on March 24, 2024 - and the filing does not appear to toll the time for filing an appeal. Nevertheless, Granado filed a Notice of Appeal on August 1, 2024. *See* Doc. 52. The Motion to Reconsider and Motion to Appoint Counsel are ready for review. The Court will evaluate whether there are grounds for relief under Rule 60(b) and, to the extent Granado treats the Motion to Reconsider as a Rule 59 tolling motion, whether there are grounds for relief under that rule.

## DISCUSSION

As relevant here, Rule 60(b) allows relief from a judgment in the event of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud. *See* Fed. R. Civ. P. 60(1)-(3). Rule 60(b)(6) also contains a catchall clause for any other reason that justifies relief. However, Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate … when it offends justice to deny such relief." *Zurich North America v. Matrix Serv., Inc.,* 426 F.3d 1281, 1289, 1293 (10th Cir. 2005). Courts have considerable discretion in deciding whether to reconsider a ruling. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Granado seeks relief from the Dismissal Order based on excusable neglect. "[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which failure to comply with a ... deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). Determining whether the defendant's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) (quotations omitted). Relevant factors include: "the danger of prejudice to the [opposing party], the length of the delay and its

potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

Considering these factors, the Motion to Reconsider does not establish Granado's failure to comply with the Initial Screening Ruling and Rule 8(a) was attributable to excusable neglect. Granado argues he moved from one prison to another during the relevant time period; he did not have access to his property for at least five months; he lacked access to legal materials; and he needs counsel to "fight this case." Doc. 49 at 1-12. The Motion to Reconsider also continues to assert substantive arguments regarding Granado's conditions of confinement, alleging, inter alia, that prison officials failed to protect him from attack or provide adequate medical care. *Id.*

As noted above, this is not a situation where Granado missed a deadline or failed to submit something to the Court. Granado timely responded to the Initial Screening Ruling but refused to set out of a short, plain statement of the grounds for relief. He also refused to limit his claims and factual allegations to one single pleading or describe who did what to whom to provide fair notice of the claims, as directed. The Initial Screening Ruling provided specific instructions on how to comply with Rule 8(a)/the federal pleading standards and set specific parameters for filing a single amended pleading. The docket reflects that Granado received the mailing containing the Initial Screening Ruling because he returned the blank civil rights complaint that was included in the mailing. *See* Doc. 39 at 3 (directing the Clerk's Office to mail a blank complaint); Staff Note entered August 15, 2024 (noting the blank complaint was mailed to Granado); Doc. 41 (reflecting Granado returned the completed form complaint the following month). The Motion to Reconsider does not explain how Granado's alleged prison conditions prevented him from complying with the Court's specific instructions, nor does it specify what property/legal materials he needed to comply

6

with the Initial Screening Ruling.

The Court also finds that equitable considerations do not require relief under the excusable neglect standard or any other subsection of Rule 60(b).  The Dismissal Ruling was entered without prejudice.  The Court did not collect any partial filing fee in this case.  Moreover, the Dismissal Ruling does not count as a strike for purposes of the three-strike rule.  *See* 28 U.S.C. § 1915(g) (prisoner-plaintiffs earn a strike each time the Court dismisses their case for failure to state a claim, and they cannot proceed *in forma pauperis* once they accrue three strikes).  The Court elected to dismiss the case under Rule 41(a) and alternatively, Rule 8(a), rather than dismissing under Rule 12(b)(6) for failure to state a cognizable claim.  *See Carbajal v. McCann*, 808 Fed. App'x 620, 629 (10th Cir. 2020) (addressing the three-strike rule and distinguishing procedural dismissals under Rule 41(b) from screening dismissals for failure to state a claim).

For all of these reasons, there are no grounds for relief under Rule 60(b).  To the extent the Motion to Reconsider also intends to seek relief under Fed. R. Civ. P. 59 – as Granado treats it as a tolling motion on appeal even though it was filed more than 28 days after entry of the Final Judgment – such request is denied.  Rule 59(e) permits relief based on: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  None of these circumstances exist here, for the reasons explained above.  The Court will deny the Motion to Reconsider, to the extent Granado seeks relief under Rule 60(b) or Rule 59.  Granado may file a new civil rights case, if he still seeks relief based on his conditions of confinement.

Granado also filed a post-judgment Motion to Appoint Counsel (Doc. 50), which alleges he

is mentally ill and needs counsel to continue pursuing relief in this case. "Courts are not authorized to appoint counsel in 1983 … cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis. *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). This decision is a matter of discretion. *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012). Relevant factors include "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397. Considering these factors, the Court will not ask a local attorney to handle this case on a *pro bono* basis. The case is closed, and the attachments to the Motion to Appoint Counsel reflect that several local attorneys have already evaluated Granado's claims and declined to take his case on contingency. *See* Doc. 50. The Motion to Appoint Counsel will therefore be denied.

**IT IS ORDERED** that Plaintiff Augustin F Granado Jr.'s Motion for Relief Based on Fed. R. Civ. P. 60(b) and Excusable Neglect (**Doc. 49**) and his Motion to Appoint Counsel (**Doc. 50**) are **DENIED**; and the Clerk's Office shall **TRANSMIT** a copy of this ruling to the Tenth Circuit in connection with Appeal No. 24-2111.

_____
SENIOR UNITED STATES DISTRICT JUDGE